UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JAMARA Y. McNEIL-SIMPSON,

Debtor.

_____/

NID HOUSING COUNSELING AGENCY,

Plaintiff,

vs.

JAMARA Y. McNEIL-SIMPSON,

Defendant.

_____/

Case No. 15-56285

Chapter 7

Judge Thomas J. Tucker

Adv. Pro. No. 16-4257

**ORDER DISMISSING ADVERSARY PROCEEDING**

On March 7, 2016, Plaintiff filed this adversary proceeding, seeking a determination that "the obligations and debts owed to Plaintiff by the Debtor are nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), (4) and/or (6)." On October 26, 2016, the Court entered an order in a different adversary proceeding which, in relevant part, denied the Defendant-Debtor a discharge based on 11 U.S.C. § 727(a)(4)(A). (Docket # 43 in Adv. Pro. No. 16-4256 (the "no-discharge order") at ¶ 4).

The Court concludes that the no-discharge order renders moot the Plaintiff's non-dischargeaability claims in this adversary proceeding, under 11 U.S.C. §§ 523(a)(2), (a)(4) and/or (a)(6), because Plaintiff has received the dischargeability-related relief it was seeking in this adversary proceeding (namely, that any debt Defendant owes to Plaintiff will not be discharged in Defendant's Chapter 7 bankruptcy case).

Thus, the Court is no longer able to grant Plaintiff any meaningful relief in addition to what it has already received. *Cf. Rosenfeld v. Rosenfeld* (*In re Rosenfeld*), 535 B.R. 186, 193-196 (Bankr. E.D. Mich. 2015), *aff'd,* 2016 WL 4761786 (E.D. Mich. Sept. 13, 2016) (dismissing, for lack of jurisdiction, a creditor's adversary proceeding seeking an order denying the debtor a discharge under several provisions of 11 U.S.C. § 727(a), where the debtor's debt to the creditor was nondischargeable under 11 U.S.C. § 523(a).); *see also Mapley v. Mapley*, 437 B.R. 225 (Bankr. E.D. Mich. 2010).

It is not entirely clear whether Plaintiff seeks a determination by this Court of whether and in what amount(s) Defendant owes a debt to Plaintiff. But because Plaintiff's nondischargeability claims have been rendered moot, the Court is unable to grant Plaintiff the other relief that Plaintiff may seek in this adversary proceeding, namely, a money judgment. In the absence of authority to grant a determination of nondischargeability (due to the mootness of that issue), this bankruptcy court no longer has authority or subject matter jurisdiction to enter a money judgment for Plaintiff. That is so because the Court's authority and subject matter jurisdiction to enter a money judgment in this adversary proceeding was wholly dependant on its statutory authority, under 28 U.S.C. § 157(b)(2)(I), to determine the dischargeability of Defendant-Debtor's debt to Plaintiff. *See Longo v. McLaren* (*In re McLaren*), 3 F.3d 958, 965-66 (6th Cir. 1993) (quoting *Snyder v. Devitt* (*In re Devitt*), 126 B.R. 212, 215 (Bankr. D. Md. 1991) (the bankruptcy court's jurisdiction to determine the dischargeability of a debt provides the bankruptcy court with authority to render a money judgment, because the bankruptcy court's equitable jurisdiction "'attaches to the entire cause of action,'" including the plaintiff's request for a money judgment, and "'more importantly because it is impossible to separate the

2

determination of the dischargeability function from the function of fixing the amount of the nondischargeable debt.'")

For these reasons,

IT IS ORDERED that this adversary proceeding is dismissed, as moot, and for lack of subject matter jurisdiction.

.

**Signed on October 26, 2016**

_/s/_ **Thomas J. Tucker**
**Thomas J. Tucker**
**United States Bankruptcy Judge**